IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DONNA JEAN DUGGINS,            )
                               )
            Petitioner,         )
                               )
       v.                       )   1:06CV1054
                               )
THEODIS BECK, Secretary of the )
Department of Correction,      )
                               )
            Respondent.         )

## MEMORANDUM OPINION AND ORDER

**Eliason, Magistrate Judge**

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 30, 1997, Petitioner was convicted after trial by jury in Forsyth County Superior Court of attempted first-degree murder, conspiracy to commit murder, solicitation to commit murder, and assault with a deadly weapon with intent to kill inflicting serious injury. She was sentenced to a total of 314-396 months imprisonment in cases 96 CRS 25753, 36724, 36727, and 36735. Petitioner appealed her conviction, and the North Carolina Court of Appeals issued a published opinion finding no error on October 6, 1998. See State v. Moore, 131 N.C. App. 65, 505 S.E.2d 172 (1998). Petitioner next filed an untimely petition for certiorari in the North Carolina Supreme Court on September 20, 1999. That court denied her petition on November 4, 1999. In 2001, Petitioner filed a motion for appropriate relief ("MAR") in Forsyth County Superior Court, which was denied on November 13, 2002, and the North Carolina Court

of Appeals subsequently affirmed that court's decision in an unpublished opinion issued October 21, 2003. See State v. Duggins, No. COA03-86, 160 N.C. App. 709 (table), 2003 WL 22388226 (N.C. App. Oct. 21, 2003). More than three years later, Petitioner filed the pro se federal habeas petition now before this Court.

The State requests dismissal on the ground that the petition is time-barred. Specifically, it relies on the one-year statute of limitations set out in the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"), codified in 28 U.S.C. § 2244(d). AEDPA applies to all Section 2254 petitions filed after its effective date of April 24, 1996. 28 U.S.C. § 2244(d)(1); Lindh v. Murphy, 521 U.S. 320 (1997). It provides, in pertinent part, that a one-year limitation period "shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of (1) the date the conviction becomes final at the end of direct review or (2) "the expiration of the time for seeking such review." Id.; Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000). Notably, the one-year clock will be tolled while direct or collateral review is pending in the state courts. 28 U.S.C. § 2244(d)(2). In addition, the Fourth Circuit, as well as a number of courts, have held that the limitation period is subject to equitable tolling in two limited circumstances. Harris, supra; Sandvik v. United States, 177 F.3d 1269, 1271 (1999)(collecting cases). First, it may apply when the petitioner has been unable to assert claims

-2-

because of wrongful conduct of the state or its officers. Second, it may apply when extraordinary circumstances beyond the prisoner's control prevent him from timely filing despite diligent attempts to do so. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Harris, supra; Akins v. United States, 204 F.3d 1086 (11th Cir. 2000).

Here, as Respondent correctly points out, Petitioner's conviction became final 35 days after the North Carolina Court of Appeals issued its October 6, 1998 opinion.[1] Petitioner did not file a petition for discretionary review or notice of appeal with the North Carolina Supreme Court, nor did her untimely petition for certiorari in that court affect the date on which direct review concluded. Therefore, the one-year limitations period began running on November 10, 1998, the day her time for seeking direct review in the highest state court expired. The certiorari petition's only effect as to the limitations period was to toll it for more than a month while the petition was pending.[2] When the

---

[1] Once the North Carolina Court of Appeals renders a decision, a mandate issues. The parties then have 15 days to file a notice of appeal with the North Carolina Supreme Court where there is an appeal of right and/or a petition for discretionary review for issues where there is not an appeal of right. See N.C. R. App. P. 14(a) & 15(b). The mandate issues twenty days after the opinion is filed, unless otherwise ordered. N.C. R. App. P. 32(b). If a notice of appeal or a petition is not filed within 35 days of a decision by the North Carolina Court of Appeals, direct review ends and the conviction becomes final. See Clay v. United States, 537 U.S. 522 (2003); Saguilar v. Harkleroad, 348 F. Supp. 2d 595, 598 (2004).

[2] The limitations period was only tolled during the pendency of the petition; an untimely petition does not negate the time which had already elapsed when it was filed. See Allen v. Mitchell, 276 F.3d 183, 185 (4th Cir. 2001)(holding that a limitations period is not tolled between the expiration of a state appeal deadline and the subsequent filing of an untimely appellate petition).

-3-

North Carolina Supreme Court denied certiorari on November 4, 1999, the one-year period resumed and then expired on December 27, 1999.

Petitioner has not advanced any argument sufficient to extend the limitations period beyond this date. No grounds for equitable tolling appear in her petition, nor are such grounds apparent from the record. In addition, neither Petitioner's post-conviction MAR nor her subsequent certiorari review of the denial of that MAR serve to toll the one-year limitations period in this case. Such motions and petitions can only toll the period of limitations if a petitioner files them within that period. <u>Minter v. Beck</u>, 230 F.3d 663 (4th Cir. 2000). In this case, Petitioner's motion and petition were filed in 2001 and 2003, respectively, well after her limitations period expired in 1999. Further, more than three additional years passed between the denial of Petitioner's certiorari petition in the state courts and the time she filed the present habeas petition. Thus, even if the Court considered the limitations period tolled during the pendency of all Petitioner's later filings, which it clearly was not, her habeas petition is still several years out of time.

**IT IS THEREFORE ORDERED** that Respondent's motion to dismiss (docket no. 5) be granted, that the habeas petition (docket no. 2) be denied, and that Judgment be entered dismissing this action.

/s/ Russell A. Eliason
**United States Magistrate Judge**

August 1, 2007